## Hensley v. Commonwealth.

### Same v. Same.

(Decided November 6. 1925.)

## Appeals from Bell Circuit Court.

Criminal Law—Court Held Not to have Abused Discretion in Refusing New Trial, where Defendant Absent when Convicted.—In prosecution for violation of the liquor law, where defendant made no effort to communicate with attorney, or inform court as to her physical inability to be present at trial, but, possessing evidence entitling her to a continuance, allowed trial to proceed, held that court did not abuse its discretion in refusing to grant new trial.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming in each case.

In each of these cases, one charging unlawful possession and the other unlawful sale of intoxicating liquors, the appellant was tried and convicted in her absence, and her punishment fixed at a fine of $300.00 and confinement in jail for sixty days.

The sole ground relied upon for reversal in each case is that the court erred in refusing to grant her a new trial upon her showing, at a later day of the same term, that she was unavoidably prevented by sickness from attending court upon the day of the trial.

In support of this contention, she filed affidavits of two physicians, dated November 7, 1924, which is the day the cases were tried, that they had examined her "and find her unable to attend court today; now confined to bed, suffering from heart lesion and lagrippe." No explanation whatever is offered why these affidavits, showing by their dates to have been made upon the day the cases were set for trial, were not then presented in support of a motion for a continuance.

While it is stated in the motion and grounds for a new trial that appellant has a good and valid defense and will present same if granted a new trial, these allegations are not supported by affidavit. Just what happened when

the cases were called for trial is thus recited in brief of her counsel:

> "On the call of these cases for trial her counsel informed the court that he did not have any explanation to make to the court as the reason defendant was not present for trial, but if given a reasonable time he would find out, and asked that the cases be passed for that purpose, and the court explained that he could take no time to hold any investigation why the defendants were not present, and so he ordered a jury into the jury box and proceeded with the trial."

These cases had been continued for several terms, defendant was on bond, demurrers to the indictments had been overruled, and pleas of not guilty entered. According to defendant's own version of the matter, she made no effort whatever to communicate with her attorney or inform the court that she was unable to appear at a time when she knew her cases were set for trial, but, possessed of the evidence that would have entitled her to a continuance, allowed the trials to proceed, and being dissatisfied with the result, then came into court and asked the court to reward her lack of diligence by granting her new trials.

That under such circumstances the busy trial court did not abuse a sound judicial discretion in refusing the request is, we think, clear. It is absolutely essential to the proper administration of the business of the courts that parties litigant shall be diligent in the prosecution of their causes or defenses, and bear the responsibility for any lack of due diligence upon their part, since otherwise the already crowded dockets would become irretrievably clogged.

Wherefore, the judgment in each case is affirmed.